WilsON, Chief Justice, delivered the opinion of the court: The record shows the facts of this case to be that the defendant below was indicted for resisting Obadiah Jackson, a constable, in attempting to levy a writ of attachment against the goods and chattels of Henry Herriford, and after the introduction of the evidence on the part of the prosecution, the defendant proposed to prove that the goods and chattels attempted to be levied on were in lxis possession, and that he had used only so much resistance as was absolutely necessary to prevent the officer from taking them out of his possession; and also to prove his title to the property by offering in evidence a deed of mortgage of the said property to him by the said Herriford. To the introduction of the mortgage for the purpose aforesaid the prosecuting attorney objected, and the court sustained the objection. To this opinion of the court the defendant excepted, and hot assigns it for error. That the court erred in refusing to allow the mortgage to be read in evidence for the purpose of proving the defendant's title to the property is a proposition too clear to require the support of argument or a reference to authoritj’. No principle is more conclusively established than that a bona fide mortgagee of chattels, who is in possession thereof, has a property in the same, which the law allows him to defend in the same manner that he may that of which he is the absolute owner. And no objection being made to the form or validity of the mortgage, it must be regarded as having vested in the defendant, who was the [*554] mortgagee, an interest which, for the purpose purposed, was as effectual-as an absolute title. The question then arises, whether the defendant was warranted in using such force as was necessary to retain possession of his property against the attempted seizure of the officer, by virtue of the attachment against the goods of Herriford. This point, I conceive, is also well settled. The position that policy requires that an officer clothed with the authority of the law should be protected in the discharge of his duty is admitted to the fullest extent; but it does not follow from this admission that the constable was justified in seizing the goods of the defendant upon an attachment against those of Herriford. An officer in the execution of the process of the law is entitled to its protection so long as he keeps himself within the pale of his authority, but no longer. The process is a sufficient warrant for the execution of its commands, but affords no authority to go beyond or contrary to its injunctions; and when tlie officer does so, lie that instant ceases to. be the minister of the law, and becomes its violator. What then was the authority conferred by the writ under which the officer professed to act in this case ? Certainly not to take the goods of the defendant, but those of Herriford. He had no better right, therefore, to take the goods of the defendant, by virtue of a writ commanding him to take the goods of Herriford, than he would have had to do so without a process against any one. If the act of the constable was in violation of law, was not the defendant justified in resisting him ? Although the policy of the law affords ample protection to its officers while in the discharge of their official duties, yet it does not clothe them with a mantle of immunity against a violation of its precepts or the rights of the citizen, nor does it give to his acts such a sanction as to require the citizen to submit to an invasion of the latter’s rights without resistance. It seems to be conceded that if an officer, by virtue of a process against one person, offers to take into custody another, he may be resisted, and that the officer alone will be responsible for the consequences. Upon this principle, then, the resistance of the defendant was justifiable, for the law equally allows the protection of one’s property and person from illegal aggression. From the principles thus stated it results that, in a case like the present, each party acts at his peril, and he only is amenable to the law who it can be shown has violated it. If the officer acts in violation of the command of his writ, by attempting to seize the person or property of one notliabjeto be taken by it, he becomes the wrongdoer, and may be resisted; but if it turns out that the per'son or property was subject to its operation, then those who resist its execution are guilty of an infraction of the law and subject to its punishment. This reciprocal obligation to look to, and abide by the consequences of their conduct, is just and [*555] equal, and whatever hardship or inconvenience this may impose upon the officer is a consequence incident to the nature of his office ; but there is little necessity for him either to incur responsibility, or allow the mandates of the law to be put at defiance, for he is not required to levy a writ against the property of one man, upon that of another; and when his opinion as to the ownership of property in possession of, or claimed by another, is well grounded, he may call to his aid the power of the county in executing his process; and after levy, he can have a controverted title tried by a jury, whose verdict will be a guide and warrant for his future action ; while on the other hand, to deny to the citizen the authority to assert his undoubted rights, but require bim quietly to submit to their invasion, under color of process, at the mere caprice of every one clothed with a little brief authority, would be to convert the law, which he should be able to look to fo\' protection against wrong, into a scourge and an instrument of oppression. It will not do to say that the individual should appeal to the law in every case, and submit to a trial of the right of property. This would unquestionably be prudent in doubtful cases, but in many it would be a very inadequate remedy, and in some a mere mockery of justice; Suppose an officer should, out of pure wantonness, seize the horse of a traveler upon the highway, under the authority of a writ against the property of another, or even without any writ, for his authority for the act would be the same in either case. Can it be contended that the owner of the horse would have no right to repel this aggression on his property ? Surely not. This is one of the many cases of a like, or even more aggravated invasion of an individual’s rights that may be instanced. But it is said that admitting the law to have been as stated,*yet that the statute providing for the trial of the right of property levied on has changed it so as to do away with the right of resistance to an illegal seizure of property; but I cannot suppose the legislature either has rendered, or intended to render less secure the tenure by which the citizen holds his property. That statute, without encroaching upon any of his former rights, was intended to add to them, by giving a cheaper and speedier method of asserting them, and also to afford security to the officers of the law in the discharge of their duties. No former mode of trying the respective claimants’ title to property is superseded by this statute. It is to be regarded as merely cumulative, and any other construction would defeat its object. The judgment of the court below is reversed, and the cause remanded to be tried according to the decision of this court. Lockwood and Treat, Justices, dissented. Judgment reversed.